UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, THE STATE OF UTAH, THE STATE OF RHODE ISLAND, and THE COMMONWEALTH OF MASSACHUSETTS EXECUTIVE OFFICE OF WORKFORCE DEVELOPMENT, DEPARTMENT OF LABOR STANDARDS, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | |
| HOME DEPOT, U.S.A., Inc., | ) ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America, by and through the undersigned attorneys, by

authority of the Attorney General and at the request of the Administrator of the

United States Environmental Protection Agency ("EPA"), the State of Utah, on

behalf of the Utah Department of Environmental Quality and the Utah Division of

Air Quality ("Utah"), the State of Rhode Island, on behalf of the Rhode Island

Department of Health Lead Poisoning Prevention Program ("Rhode Island"), and

the Commonwealth of Massachusetts Executive Office of Workforce

Development, Department of Labor Standards ("Massachusetts"), allege as

follows:

## NATURE OF ACTION

1.      This is a civil action brought against Home Depot USA, Inc. ("Home

Depot" or "Defendant") for violations of Sections 402(c), 406(b), and 407 of Title

IV of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2682(c), 2686(b),

and 2687, the regulations promulgated thereunder, codified at 40 C.F.R. Part 745,

Subpart E (the Residential Property Renovation Rule also known as the

Renovation, Repair, and Painting Rule or "RRP Rule"), and state rules

implementing similar provisions in EPA-authorized states, including Utah Admin.

Code r. R307-840 through R307-842 ("Utah Lead-Based Paint Rules"), Rhode

Island's Rules and Regulations for Lead Poisoning Prevention, 216-RICR-50-15-3

*et seq.* ("Rhode Island Lead Regulations"), and Massachusetts' Deleading and

Lead-Safe Renovation Regulations, 454 CMR 22.00 *et seq.* ("Massachusetts Lead

Regulations").  The RRP Rule and the similar provisions in EPA-authorized states

are intended to ensure that owners and occupants of target housing and child-

occupied facilities receive information on lead-based paint hazards before

renovations begin, that individuals performing such renovations are properly trained and certified, and that specified work practices are followed during the renovations to reduce the potential for lead-based paint exposure.

2.     The United States, Utah, Rhode Island, and Massachusetts seek an injunction ordering Defendant to comply with TSCA, TSCA's implementing regulations, and EPA-authorized State regulations. Utah, Rhode Island, and Massachusetts seek civil penalties for violations of state laws.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355; Section 17 of TSCA, 15 U.S.C. § 2616; and over the parties to this action.

4.     This Court has supplemental jurisdiction over the state law claims of Utah, Rhode Island, and Massachusetts pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 1395(a), because the Defendant resides in the Northern District of Georgia.

**DEFENDANT**

6.      Defendant is a Delaware corporation registered to do business in the State of Georgia.  Defendant is a home improvement retailer with its headquarters in Atlanta, Georgia, and owns and operates over 2,200 retail stores throughout the country.

**STATUTORY AND REGULATORY BACKGROUND**

7.      In 1992, Congress enacted the Residential Lead-Based Paint Hazard Reduction Act, Pub. L. 102-550 (October 28, 1992; 106 Stat. 3910), also referred to as Title X of the Housing and Community Development Act of 1992.  This law amended TSCA by adding a new Subchapter IV, entitled "Lead Exposure Reduction."

8.      EPA has promulgated regulations to implement Subchapter IV of TSCA.  The RRP Rule is codified at 40 C.F.R. Part 745, Subpart E.  The rule addresses the risk of lead exposure that can occur during property renovations by ensuring that owners and occupants of target housing (i.e., housing built prior to 1978) and child-occupied facilities are informed of lead-based paint hazards before renovations begin and by establishing training and certification requirements and

work practice standards for certain renovations performed for compensation in target housing and in child-occupied facilities.

9.     The RRP Rule requires renovators or firms that perform renovations of pre-1978 housing for compensation to provide a lead-hazard information pamphlet entitled "Renovate Right: Important Lead Hazard Information for Families, Child Care Providers, and Schools" to the owner and occupant of such housing prior to commencing the renovation.  40 C.F.R. § 745.81(b).  Among other things, the pamphlet describes "the risks of lead exposure for children under 6 years of age, pregnant women, women of childbearing age, persons involved in home renovation, and others residing in a dwelling with lead-based paint hazards; [and] describe the risks of renovation in a dwelling with lead-based paint hazards . . . ."

10.     The RRP Rule requires that all renovations for compensation of target (i.e., pre-1978) housing and child-occupied facilities be performed by certified firms.  40 C.F.R. § 745.89(a)(2)(i).  In addition, each renovation project covered by the RRP Rule must be performed and/or directed by an individual who has become a certified renovator by successfully completing renovator training from an accredited training provider.  40 C.F.R. § 745.90(a).  The certified renovator is

responsible for ensuring compliance with the work practice standards set forth in the regulations and must perform or direct certain critical tasks during the renovation, such as posting warning signs, establishing containment of the work area, and cleaning the work area after the renovation.  40 C.F.R. § 745.90(b).

11.    The RRP Rule requires firms performing renovation activities to keep certain records.  Among the recordkeeping requirements are the following:

- 40 C.F.R. § 745.84(a)(1) provides that:  "No more than 60 days before beginning renovation activities in any residential dwelling unit of target housing, the firm performing the renovation must (i) obtain, from the owner, a written acknowledgment that the owner has received the pamphlet or ii) obtain a certificate of mailing at least 7 days prior to the renovation."

- 40 C.F.R. § 745.86(b)(6) provides that certain records must be retained, including:    "Documentation of compliance with the requirements of § 745.85, including documentation that a certified renovator was assigned to the project, that the certified renovator provided on-the-job training for workers used on the project, that the certified renovator performed or directed workers who performed all

of the tasks described in § 745.85(a), and that the certified renovator performed the post-renovation cleaning verification described in § 745.85(b)."

- 40 C.F.R. § 745.87(b) provides that failure to establish and maintain records or to make available or permit access to or copying of records, as required by this subpart, is a violation of Sections 15 and 409 of TSCA (15 U.S.C. §§ 2614 and 2689).

12.     Under 40 C.F.R. § 745.84 and § 745.86, firms performing renovations for compensation are required to provide a lead hazard information pamphlet to the owner and occupant of pre-1978 housing no more than 60 days prior to beginning renovation activities, and obtain from the owner a written acknowledgment, and/or obtain a certificate of mailing at least 7 days prior to renovation; and retain and make available to EPA, if requested, all records necessary to demonstrate compliance with 40 C.F.R. Part 745, Subpart E, for a period of 3 years following completion of the renovation activities in pre-1978 housing.

13.     The RRP Rule, at 40 C.F.R. § 745.89(d)(3), requires firms performing renovations to ensure use of the Lead Safe Work Practices specified in

Section 745.85, including the requirement that the renovation be performed by a certified firm.

14.     Violation of a rule issued under Subchapter IV of TSCA is a prohibited act under Section 409 of TSCA, 15 U.S.C. § 2689.

15.     Section 404(a) of TSCA, 15 U.S.C. § 2684(a), and 40 C.F.R. § 745.324(d) authorize individual states to administer and enforce a renovation, repair, and painting program with EPA approval in accordance with Section 402(c)(3) of TSCA, 15 U.S.C. § 2682(c)(3), and a lead-based paint pre-renovation education program in accordance with Section 406(b) of TSCA, 15 U.S.C. § 2686(b). Co-Plaintiffs Utah, Rhode Island, and Massachusetts have EPA-authorized RRP programs. Utah's Lead-Based Paint Rules are promulgated under the Utah Air Conservation Act, Utah Code § 19-2-104(1)(i); Rhode Island's Lead Regulations are promulgated under the Rhode Island Lead Poisoning Prevention Act, Rhode Island General Laws ("R.I.G.L.") § 23-24.6-1 *et seq.*; and Massachusetts's Lead Regulations are promulgated pursuant to M.G.L. c. 149 § 6. The EPA-authorized state programs have requirements that are similar, but not necessarily identical, to the RRP Rule requirements identified in Paragraphs 8-13, above.

16.     Each state co-Plaintiff requires, among other things, that all firms performing renovations for compensation of pre-1978 housing ensure that such work be performed by licensed or certified firms. *See* Utah Admin. Code r. R307-841-3(1) (applicability), R307-841-7 (firm certification requirements), and R307-841-8 (renovator certification and dust sampling technician certification requirements); Rhode Island Code of Regulations, 216-RICR-50-15-3.2.3(A)(7)(a) (regulated activities), 216-RICR-50-15-3.11 (Additional Requirements for Lead Renovation Firm Licenses and Lead Renovator Certifications), and 216-RICR-50-15-3.17.3.A (responsibilities of lead renovation firms); and Code of Massachusetts Regulations, 454 CMR 22.03(b) (Scope of Regulations); 454 CMR 22.03(3) (General Requirements for Licensure of Lead-Safe Renovation Contractors); 454 CMR 22.11(c) (Responsibilities of Lead-Safe Renovation Contractors).

17.     The Utah Code authorizes penalties in a civil proceedings against "[a] person who violates this chapter [the Utah Air Conservation Act, Chapter 2, Title 19 of the Utah Code], or any rule, order, or permit issued or made under this chapter . . . not to exceed $10,000 per day for each violation." Utah Code § 19-2-115(2)(a).

18.     Rhode Island law authorizes penalties against "a person [who] has violated, or is in violation of . . . § 23-24.6-17 [lead hazard reduction] . . . or 23-24.6-20 [licensure of environmental lead inspectors and lead contractors, supervisors, and workers] . . . [or] any rule or regulation promulgated pursuant to any of these sections . . . not to exceed five thousand dollars ($5,000) per day for each current or past violation. "  R.I.G.L. § 23-24.6-27(a).  Section 23-24.6-27(a) also states that "[e]ach day of continued violation may be considered a separate violation. Each violation in any premises may be considered a separate violation." *Id*.

19.     The Massachusetts Lead Regulations authorize a civil penalty of not more than $2,500 for each violation of such regulation if the person has not previously been criminally convicted of a violation or been issued a civil citation under 454 CMR 29.00 and the Director of the Massachusetts Department of Labor Standards determines that the person possessed a specific intent. 454 CMR 29.04(2)(b).

20.     Section 404(b) of TSCA, 15 U.S.C. § 2684(b), makes it unlawful for any person to violate or refuse to comply with any requirement of a state program

authorized under Section 404 of TSCA, 15 U.S.C. § 2684. *See also* 40 C.F.R. § 745.324(f)(3).

21.     Violation of a rule issued by an authorized state pursuant to Section 404(a) of TSCA, 15 U.S.C. § 2684(a), is a prohibited act under Section 409 of TSCA, 15 U.S.C. § 2689.

22.     Section 17(a) of TSCA, 15 U.S.C. § 2616(a), provides district courts with jurisdiction to restrain any violation of Section 409 of TSCA and compel the taking of any action required by or under TSCA, 15 U.S.C. § 2689.

## GENERAL ALLEGATIONS

23.     Defendant is a "person" and a "firm" within the meaning of 40 C.F.R. § 745.83.

24.     Defendant contracts with its customers to perform thousands of compensated renovations of target (i.e., pre-1978) housing in the United States, including the installation of products such as windows, flooring, carpets, cabinets, and countertops.

25.     Defendant enters into contracts with other renovation firms to perform the renovations on Defendant's behalf for Defendant's customers.

## FIRST CLAIM FOR RELIEF

### (Failure to Use Certified Firms)

26.     The foregoing allegations are re-alleged and incorporated by reference.

27.     From approximately 2013 to at least 2019, Defendant performed renovations for compensation in target (i.e., pre-1978) housing or child-occupied facilities without a certified firm or firm licensed under the law of an EPA-authorized state at numerous locations at the renovations listed on Exhibit A.

28.     From approximately 2013 to at least 2017, Defendant falsely changed the characterization of the 603 pre-1978 homes listed on Exhibit B in its internal job tracking system from "lead test required" or similar designation to "negative" or some similar designation, causing renovations of target (i.e., pre-1978) housing to be performed by firms without EPA certification or without a certification or license from an EPA-authorized state.

29.     Defendant's failure to use certified or state-licensed firms for compensated renovations at target (i.e., pre-1978) housing in States that do not have authorized RRP programs violated Sections 402(c), 406(b), and 407 of TSCA and 40 C.F.R. § 745.89(d)(3).

30.     Defendant's failure to use state-licensed or certified firms for compensated renovations at target (i.e., pre-1978) housing at locations in authorized states, including the Utah, Rhode Island, and Massachusetts locations listed on Exhibits A and B, violated the authorized States' requirements, including Utah Administrative Code Rules R307-841-5(1) and R307-841-7, the Rhode Island Lead Regulations, 216-RICR-50-15-3.2.3(A)(7)(a), and the Massachusetts Lead Regulations, 254 CMR 22.11(2), as well as Section 404(b) of TSCA, 15 U.S.C. § 2684(b).

31.     As provided in Sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 & 2689, the violations set forth above subject Defendant to injunctive relief.

32.     Pursuant to Section 19-2-116(3)(a) of the Utah Code (injunctive relief to prevent violations of the Utah Air Conservation Act), Section 19-2-115(2)(a) of the Utah Code (civil penalties), and Rule R307-130 of the Utah Administrative Code (general penalty policy), Home Depot is liable for injunctive relief and civil penalties of up to $10,000 per day for each violation in Utah.

33.     Pursuant to R.I.G.L. §§ 23-24.6-27(a) (administrative fines) and 23-24.6-23 (compliance and enforcement) and the Rhode Island Lead Regulations, 216-RICR-50-15-3.19.4 (enforcement options) and 216-RICR-50-15-3.19.5

(penalties), Home Depot is liable for injunctive relief and civil penalties of up to $5,000 per day for each violation in Rhode Island.

34.     Pursuant to Massachusetts Lead Regulations 454 CMR 29.04(2)(b), Home Depot is liable for a civil penalty of not more than $2,500 for each violation of the Massachusetts Lead Regulations.

## SECOND CLAIM FOR RELIEF

### (Failure to Retain Records)

35.     The foregoing allegations are re-alleged and incorporated by reference.

36.     From approximately 2013 to at least 2015, Defendant performed compensated renovations at target (i.e., pre-1978) housing at the renovations identified in Exhibit C without complying with one or more of the following recordkeeping requirements: 40 C.F.R. § 745.84(a)(1) (proof that pamphlet was provided); 40 C.F.R. § 745.86(b)(1) (documentation of lead test kit use and results); 40 C.F.R. § 745.86(b)(6) (documentation that certified renovator was assigned); 40 C.F.R. § 745.86(b)(6) (certification of compliance documentation); 40 C.F.R. § 745.86(b)(6)(i) (on the job training for workers); 40 C.F.R. §

745.86(b)(6)(v) (documentation of compliance with work practice standards); 40

C.F.R. § 745.86(b)(6)(viii) (documentation of post-cleaning verification).

37.    Defendant's failure to retain records to demonstrate compliance with

RRP requirements identified in Exhibit C violated Sections 402(c), 406(b), and 407

of TSCA and 40 C.F.R. § 745.84(a)(1) (proof that pamphlet was provided); 40

C.F.R. § 745.86(b)(1) (documentation of lead test kit use and results); 40 C.F.R.

§ 745.86(b)(6) (documentation that certified renovator was assigned); 40 C.F.R.

§ 745.86(b)(6) (certification of compliance documentation); 40 C.F.R.

§ 745.86(b)(6)(i) (on the job training for workers); 40 C.F.R. § 745.86(b)(6)(v)

(documentation of compliance with work practice standards); 40 C.F.R.

§ 745.86(b)(6)(viii) (documentation of post-cleaning verification) at the following

compensated renovations.

38.    Defendant's failure to retain the records to demonstrate compliance

with RRP requirements in authorized States at renovations identified in Exhibit C

violated the authorized States' requirements and Section 404(b) of TSCA, 15

U.S.C. § 2684(b).

39.    As provided in Sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 &

2689, the violations set forth above subject Defendant to injunctive relief.

## THIRD CLAIM FOR RELIEF

### (Violations of Work Practice Standards)

40.     The foregoing allegations are re-alleged and incorporated by reference.

41.     Between approximately 2013 and at least 2015, Defendant performed renovations without following some or all of the work practice requirements set forth in 40 C.F.R. § 745.85(a), including requirements to cover floors in interior work areas and the ground in exterior work areas, removing certain items during renovations, and cleaning work areas after renovations at compensated renovations in at least the following locations: Chicago, IL, Staughton, WI, Gowan, MI, Lansing, MI, Roseville, MN, and Belgrade, ME.

42.     Defendant violated Section 406(b) of TSCA and its implementing regulations by failing to comply with the work practice standards set forth in 40 C.F.R. § 745.85(a)(2)(i)(A) and (D), 40 C.F.R. § 745.85(a)(2)(ii)(C), and authorized State of Wisconsin's work practice standards.

43.     As provided in Sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 & 2689, the violations set forth above subject Defendant to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

i.        Issue a judgment finding that Defendant failed to comply with TSCA and its implementing regulations;

ii.       Issue an order requiring that Defendant comply with TSCA, its implementing regulations, and State-authorized rules, including the Utah Lead-Based Paint Rules, the Rhode Island Lead Regulations, and the Massachusetts Lead Regulations;

iii.      Assess a civil penalty against Defendant pursuant to Section 19-2-115(2)(a) of the Utah Code for each violation of the Utah Lead-Based Paint Rules of up to $10,000 per day for each violation;

iv.      Assess a civil penalty against Defendant pursuant to R.I.G.L. § 23-24.6-27(a) for each violation of the Rhode Island Lead Regulations of up to $5,000 per day for each violation

v.       Assess a civil penalty against Defendant pursuant to 454 CMR 29.04(2)(b) for each violation of the Massachusetts Lead Regulations of up to $2,500 for each violation; and

vi.     Provide for any and all other relief that this Court deems just and

proper.

Respectfully submitted,

FOR THE UNITED STATES OF
AMERICA

JONATHAN D. BRIGHTBILL
Principal Assistant Attorney General
Environment and Natural Resources
Division
United States Department of Justice

JAMES D. FREEMAN
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1489
Fax: (303) 844-1350
james.freeman2@usdoj.gov

BYUNG J. PAK
United States Attorney

/s/ Lori Beranek
LORI BERANEK
Assistant United States Attorney
Northern District of Georgia
600 U.S. Courthouse
75 Ted Turner Drive S.W.
Atlanta, GA 30303
Georgia Bar No. 053775
(404) 581-6050
Lori.beranek@usdoj.gov


OF COUNSEL:
AMOS PRESLER
Waste and Chemical Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
Washington, DC 20460

MARY T. McAULIFFE
Associate Regional Counsel
U.S. Environmental Protection
 Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604-3590

FOR THE STATE OF UTAH


*/s/ Marina V. Thomas*
MARINA V. THOMAS
Utah Assistant Attorney General
Utah Attorney General's Office
Health & Environment Division
195 N 1950 W
Salt Lake City, Utah 84114
(801) 536-0289
marinathomas@agutah.gov
*Pro Hac Vice Application to be*
*Submitted*


FOR THE STATE OF RHODE
ISLAND

PETER F. NERONHA
Attorney General


*/s/ Alison B. Hoffman*
ALISON B. HOFFMAN
Special Assistant Attorney General
Environmental Unit, Civil Division
Office of the Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2116
ahoffman@riag.ri.gov
*Pro Hac Vice Application to be*
*Submitted*

FOR THE COMMONWEALTH OF
MASSACHUSETTS,
EXECUTIVE OFFICE OF
WORKFORCE DEVELOPMENT,
DEPARTMENT OF LABOR
STANDARDS

_____

MICHAEL DOHENY
Undersecretary of Labor/General
Counsel
Executive Office of Labor and
Workforce Development
Commonwealth of Massachusetts
One Ashburton Place, Boston, MA
02114
Tel: (617) 626-7107
michael.doheny@mass.gov
*Pro Hac Vice Application to be
Submitted*